IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMMY GRAY,<br><br>       Plaintiff,<br><br>v.<br><br>BRUNEAU-GRAND VIEW<br>SCHOOL DIST. NO. 365, BOARD<br>OF TRUSTEES OF BRUNEAU-<br>GRAND VIEW SCHOOL DIST.,<br>and KATHLEEN DELLE, DALLAS<br>TAYLOR, in their official capacities,<br><br>       Defendants.<br>_____ | Case No. CV-06-069-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Objection to Deposition Testimony of Kathleen Delle (Docket No. 54).

## BACKGROUND

This matter was originally scheduled for trial on September 17, 2007. Prior to that date, counsel had deposed Kathleen Delle. However, Ms. Delle, who now resides in Austin Texas, planned to personally attend the September trial. Just days before the trial commenced, the Court postponed the trial to the week of November 13, 2007 due to a scheduling conflict with another matter. Ms. Delle made plans to

**Memorandum Decision and Order - 1**

care for her grandchildren during that week. Therefore, Defendants sought, and received, the Court's permission to depose Ms. Delle again in order to obtain her trial testimony. Plaintiff objects to the admission of the deposition testimony at trial.

## ANALYSIS

As the Court noted in its earlier informal discussions with counsel, given the fact that, but for the Court postponing the trial, Ms. Delle would have personally attended trial in this matter, the Court found that the second deposition of Ms. Delle was warranted. However, it does not necessarily follow that the deposition testimony should be admitted at trial. Although a party need not show that one of the conditions set out in FRCP 32(a)(3) exists before taking the deposition, one such condition must exist before the deposition can be offered into evidence. See 8A Wright Miller & Marcus, Federal Practice and Procedure §§ 2151, 2146 (2d ed. 1994).

Here, Defendants contend that the deposition testimony is admissible because it is undisputed that Ms. Delle is at a greater distance than 100 miles from the place of trial, and her absence was not procured by the defendants. See FRCP 32 (a)(3)(B). Because Ms. Delle was willing and ready to attend trial before the Court postponed the trial date, the Court concludes that Defendants did not procure

**Memorandum Decision and Order - 2**

her absence. Accordingly, the Court finds that the deposition is admissible.

With respect to Plaintiff's specific objections to portions of the deposition testimony, the Court notes that the objections are governed by FRCP 32, which regulates the use of depositions at trial. The relevant provisions of Rule 32 are 32(b) and 32(d)(3)(A) & (B). The interrelationship of these rules is discussed in Wright Miller & Marcus, Federal Practice and Procedure:

> Rule 32(b) must be read in connection with Rule 32(d)(3), dealing with objections as to the taking of a deposition. Taken together these provisions make it clear that if the matter sought is within the scope of discovery, objection to its admissibility as evidence should be made at trial or hearing when the deposition is offered in evidence and not at the taking of the deposition, unless the ground of the objection is one that might have been obviated or removed if made when the deposition was being taken.
>
> * * *
>
> Rule 32(d)(3) makes provision for objections as to the taking of a deposition. It forces the parties to be alert at the examination and thus save time and confusion at the trail because of formal errors. It distinguishes between objections of substance going to the admissibility of the testimony taken and formal objections to the form of the questions and the conduct of the examination.
>
> Under subsection (A) of the rule objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one that might have

**Memorandum Decision and Order - 3**

> been obviated or removed if presented at that time. Since substantial objections are not waived by failure to make them, the examination should not be unduly lengthened or obstructed by interposing objections of this type. (footnotes omitted)

8A Wright Miller & Marcus, Federal Practice and Procedure §§ 2151, 2156 (2d ed. 1994); *see also* Rosary-Take One Production Co. Ltd. Partnership v. New Line Distribution, Inc., 1996 WL 79328 *1 (S.D.N.Y. 1996).

Defendants contend generally that Plaintiff's objections based upon contentions of hearsay and foundation are waived. However, such objections are not waived "unless the ground of the objection is one which might have been obviated or removed if presented at that time." Rule 32(d)(3)(A). That is not the case here. Accordingly, the Court will evaluate each objection in light of the above referenced criteria:

1. <u>Objection to deposition testimony at 16:6-17:11 and exhibit 2023</u>. It appears that the parties have, or at least had, a stipulation to admit exhibit 2023. (See VanderVelde Aff., Exs. C & D). It also appears from the context of the deposition testimony that the out-of-court statement of the parent at lines 17:2-17:11 is not being offered to prove the truth of the matter asserted – i.e., the relevance of the statement does not depend on its truth or falsity, but on the fact that the statement was made and on the witness's reaction to the

**Memorandum Decision and Order - 4**

statement. The Court will overrule the objection. However, because the Court cannot review Exhibit No. 2023 at this point because the Court does not have a copy of it, the Court will allow Plaintiff to renew the objection to Exhibit No. 2023 before trial commences or on a break during the first day of trial if she so desires.

2. <u>Hearsay objection to deposition testimony at 18:11-17</u>. The only potential hearsay statement in that section is the statement "And then Mrs. Jess was very unhappy with her about that." 18:12-13. However, even this line does not communicate a statement or nonverbal conduct intended as an assertion by Ellen Jess. Accordingly, the Court will overrule the objection.

3. <u>Foundation and opinion testimony objection to deposition testimony at 19:1-19:11</u>. Ms. Delle testified that she kept the referenced material to help her remember when and what was discussed with a teacher. The testimony offers an opinion as to the Plaintiff's state of mind. As such, it calls for speculation and is without foundation. While the witness can testify as to what the Plaintiff said or did, including observations, such as those contained in lines 8-11, that she appeared to be "angry." She cannot testify as to what the plaintiff did or did not like. Accordingly, the Court will sustain the objection.

4. <u>Relevance objections at 22:2-23:1 and 23:2-24:1</u>.  The testimony relates to the lack of animus on the part of the school district, and its employees, toward the Plaintiff, and is therefore relevant.  Accordingly, the Court will overrule the objection.

5. <u>Hearsay and foundation objection at 24:2-25:4</u>.  An adequate foundation is laid since the date of and the participants in the conversation are disclosed.  It also appears from the context of the deposition testimony that the testimony is not being offered to prove the truth of the matter asserted – i.e., to prove Ms. Dean's concerns.  It is being offered to establish that Ms. Delle had been advised of concerns about the Plaintiff by other teachers.  Accordingly, the Court will overrule the objection.  However, the Court will, if requested by Plaintiff, give a limiting instruction that the jury is to consider Ms. Dean's statements, as related by the witness, only as it may bear upon the witness's knowledge of concerns expressed by other teachers about the Plaintiff's performance.

6. <u>Relevance objection at 25:15-23.</u>  The testimony is relevant to Ms. Delle's relationship with Plaintiff which, in turn bears upon the Defendants' treatment of Plaintiff and the claims in this case.  Accordingly, the Court will overrule the objection.

**Memorandum Decision and Order - 6**

7. <u>Speculation objection at 27:21-25</u>.  The testimony does indicate what Ms Delle believes "most teachers" would do and is therefore speculative.  Accordingly, the Court will sustain the objection.

8. <u>Foundation objection at 39:4-6</u>.  Ms. Delle's position as the Principal of the school and her interactions with Plaintiff are sufficiently established to provide foundation for her statement of the reasons for placing Plaintiff on probation.  Accordingly, the court will overrule the objection.

9. <u>Hearsay objection at 43:2-8</u>.  It appears that the parties have, or at least had, a stipulation to admit exhibit 2024.  (See VanderVelde Aff., Exs. C & D).  In turn, the testimony is not hearsay.  As with exhibit 2023, because the Court is unfamiliar with the exhibit, Plaintiff may renew her objection before trial commences or at a break on the first day of trial.  At this point, however, the Court will overrule the objection.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Court overrules, in part, and sustains, in part, Plaintiff's Objection to Deposition Testimony of

**Memorandum Decision and Order - 7**

Kathleen Delle (Docket No. 54) as discussed above.



DATED: **November 9, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 8**